IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID FARNHAM,<br>        Plaintiff<br>    v.<br><br>TRINITY SERVICES GROUP, et al.,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) | C.A. No. 18-174 Erie<br><br>District Judge Susan Paradise Baxter |

**MEMORANDUM OPINION**

**I.** **INTRODUCTION**

    **A.** **Relevant Procedural History**

Plaintiff initiated this action by filing a *pro se* complaint on June 13, 2018. On December 17, 2018, Plaintiff failed to appear for a scheduled telephonic status conference in this matter, at which Defendants' counsel appeared and notified the Court that they were not able to contact Plaintiff at either his address or phone number of record and were unaware of Plaintiff's current location. In addition, Plaintiff failed to file a response to either of Defendants' motions to dismiss [ECF Nos. 20, 24] within the times required by Orders of this Court [ECF Nos. 22, 26].

As a result, this Court issued an Order requiring Plaintiff to show cause by December 24, 2018, as to why this case should not be dismissed for his failure to (1) advise the Court of his current location by filing a change of address with the Clerk; (2) make himself available to appear at the scheduled hearing of December 17, 2018; and (3) file a response to either of Defendants' pending motions to dismiss. [ECF No. 30]. Plaintiff was further advised that his failure to comply with the show cause order would result in dismissal of this action for failure to prosecute. A copy of this Order was mailed to Plaintiff at his last known address at 1017 French

Street, Erie, PA 16501. To date, Plaintiff has failed to comply with this Court's Order and has failed to provided updated contact information to either defense counsel or the Court.

### B. Discussion

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

In this case, for the past several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. He has failed to provide updated contact information to Defendants and the Court, failed to appear at a scheduled telephonic hearing, and failed to comply with multiple Orders of this Court. Alternative sanctions, such as monetary penalties, are deemed inappropriate. Thus, this case will be dismissed due to Plaintiff's failure to prosecute.

An appropriate Order follows.